IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD MOBLEY, individually and on
behalf of similarly situated individuals,

    Plaintiff,

v.   Case No. 1:22-cv-00226-WJ-LF

CIG LOGISTICS LLC,
CONTINENTAL INTERMODAL
GROUP – TRUCKING LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS AND TO TRANSFER VENUE**

THIS MATTER comes before the Court upon a Motion to Dismiss and to Transfer Venue (Doc. 7) by Defendants CIG Logistics LLC and Continental Intermodal Group – Trucking LLC ("Defendants"). Defendants argue that personal jurisdiction and venue are lacking in New Mexico and that the Court should transfer the case to the Northern District of Texas. Doc. 7 at 1. They also argue that Plaintiff's New Mexico Minimum Wage Act ("NMWWA") allegations fail to state a claim. *Id.* Having reviewed the parties' submissions and the applicable law, the Court finds Defendants' motion well-taken regarding personal jurisdiction and, accordingly, transfer to the U.S. District Court for the Northern District of Texas is appropriate. The Court therefore TRANSFERS the case to the Northern District of Texas, leaving the NMWWA matter for litigation in the proper forum.

**BACKGROUND**

This dispute arises out of Plaintiff's alleged unpaid wages for travel between his home of Louisiana and work sites in New Mexico, North Dakota, and Texas in the course of his

employment for Defendants. Plaintiff filed suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Doc. 1 at 6 ¶ 42) as well as the NMWWA (*id.* at 1). The FLSA claim takes the form of a collective action in which Plaintiff is suing on his own behalf as well as on behalf of others who are similarly situated. *Id.* at 6 ¶ 41.

## LEGAL STANDARD

In a Rule 12(b)(2) dispute over personal jurisdiction, Plaintiffs bear the burden of proving that jurisdiction is proper over Defendants. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004). Personal jurisdiction takes two forms. General jurisdiction grants a court power to make rulings binding the defendant "on any and all claims" regardless of where those claims arose. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). This expansive power belongs to courts in the defendant's "home" state or states, which for a corporate defendant typically include its state of incorporation and its principal place of business, although additional locations are possible. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011). In contrast, specific jurisdiction allows courts in other states to exercise power over a defendant, but only when minimum contacts exist connecting the defendant, the forum state, and the underlying controversy. *Daimler*, 571 U.S. at 133. The forum state's exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice"—a freestanding requirement that must be met even if minimum contacts do exist. *Benton*, 375 F.3d at 1075.

## DISCUSSION

Defendants argue that general jurisdiction does not exist over Defendants in New Mexico; that specific jurisdiction does not exist as to the claims regarding unpaid wages for travel to North Dakota and Texas; that venue is improper over the North Dakota and Texas claims; and that the case should be transferred to the Northern District of Texas under 28 U.S.C. § 1406(a) or 28 U.S.C.

§ 1404. Plaintiff responds that specific jurisdiction exists over Defendants in New Mexico as to all claims, rendering venue proper here and transfer unnecessary; in the alternative, Plaintiff seeks transfer to Delaware. The Court considers the jurisdictional question first before moving to the transfer analysis.

> I.  **General and Specific Jurisdiction**

Although the parties focus on specific jurisdiction, the Court first briefly addresses general jurisdiction. General jurisdiction for a corporation exists where that entity is "at home," generally either its state of incorporation or its principal place of business. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendant CIG Logistics, LLC ("Defendant CIG") is incorporated in Delaware and has its principal place of business in Fort Worth, Texas. Doc. 1 at 1 ¶ 5. Defendant Continental Intermodal Group – Trucking LLC ("Defendant Intermodal") is incorporated in Oklahoma and has its principal place of business in Fort Worth, Texas. *Id.* at 1 ¶ 6. Therefore, Defendant CIG is subject to general jurisdiction in Delaware and Texas, and Defendant Intermodal is subject to general jurisdiction in Oklahoma and Texas. The parties have not argued that either defendant is subject to general jurisdiction in New Mexico.

Rather, the parties focus on specific jurisdiction. To establish the minimum contacts necessary for specific personal jurisdiction, a defendant must have "purposefully directed its activities at residents of the forum state" and "the plaintiff's injuries must arise out of [the] defendant's forum-related activities." *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017) (citations omitted). Plaintiff alleges that Defendants employed Plaintiff (a Louisiana resident) and other well site operators to work out-of-state in New Mexico, North Dakota, and Texas. Doc. 1 at 4 ¶ 20. The Court agrees that by hiring individuals to work in the state of New Mexico, Defendants directed their activities at residents of New Mexico, and a failure

to pay wages for work in New Mexico is a "forum-related activity" from which Plaintiff's injuries under the FLSA arose.

However, this logic only applies to individuals hired to work in New Mexico. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff must demonstrate personal jurisdiction with respect to each of the claims alleged). Claims that Defendants failed to pay Plaintiff or similarly situated individuals for travel to work in North Dakota or Texas have nothing to do with New Mexico. The unpaid wages for work in those locations—that is, many of the injuries in this case—do not arise out of Defendants' conduct in New Mexico. Plaintiff's argument that "[a]t issue in this lawsuit is whether and to what extent Defendant CIG, failed to overtime [sic] to employees (both New-Mexico-resident and out of state employees) according to the FLSA." Doc. 9 at 5. This statement does not explain how alleged failure to pay wages to non-New Mexico employees traveling to North Dakota and Texas pertains to Defendants' activities in New Mexico. The Court therefore finds that for the North Dakota and Texas claims, personal jurisdiction against the Defendants is lacking.

**II.     Venue and Transfer**

Defendants also contest venue in the District of New Mexico. Venue is proper either in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). If these options fail, venue may also be proper wherever any defendant is subject to personal jurisdiction. *Id.* A corporate defendant resides in any state where the corporation is subject to personal jurisdiction. *Id.* § 1391(c)(2). The Court therefore finds that venue is proper over Defendant CIG in Delaware and Texas, and over Defendant Intermodal in Oklahoma and Texas. Additionally, because the complaint alleges that a

4

substantial part of the unpaid wages are due to New Mexico workers, venue is also proper in New Mexico; it is merely personal jurisdiction that is lacking here. *See* Doc. 1 at 3 ¶ 10 (case involves over 150 New Mexico class members).

Defendants move for transfer under 28 U.S.C. § 1406(a) or § 1404. Because venue is not improper, § 1406(a) is not an appropriate vehicle for transfer of this case. *See id.* ("The district court of a district in which is filed a case *laying venue in the wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added)). Rather, § 1404(a) is more appropriate: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Having satisfied the questions of *if* and *how* to transfer the case, the Court moves to the question of *where*. Plaintiff seeks transfer to Delaware. Doc. 9 at 7. Defendants argue that transfer to Delaware is improper because Defendant Intermodal would not be subject to jurisdiction there, and transfer is only proper where the case might have been brought. Doc. 12 at 4; *see* 28 U.S.C. § 1404(a) (permitting transfer to "any other district or division where [the case] might have been brought"). Plaintiff anticipates this problem, however, and states that he is willing to dismiss Defendant Intermodal to facilitate the transfer to Delaware. Doc. 9 at 7 n.3. But Defendants seek transfer to the Northern District of Texas, where both defendants are subject to general jurisdiction. Doc. 12 at 4. Plaintiff argues that transfer to the Northern District of Texas would result in piecemeal litigation based on a Fifth Circuit opinion, *Swales v. KLLM Transport Services*, 985 F.3d 430 (5th Cir. 2021), and asks the Court to transfer to Delaware instead in the name of judicial economy so that the case can be litigated as a unified whole. Doc. 9 at 7.

5

The parties do not cite case law addressing whether transfer is appropriate after a defendant whose presence would destroy jurisdiction has been dismissed. The Court observes, however, that such a transfer is likely impermissible. In *Hoffman v. Blaski*, 363 U.S. 335 (1960), the Supreme Court considered § 1404(a)'s language "where it might have been brought" and concluded that it referred to a venue in which the plaintiff originally had a right to bring the case. *See also Morris by Rector v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985) (characterizing *Hoffman* in this way). Although *Hoffman* involved a defendant's consent to venue, Plaintiff's agreement to dismiss a defendant in this case yields a similar result. Here, as in *Hoffman*, the location to which the plaintiff seeks to transfer the case is not somewhere that venue was proper at the case's inception. Therefore, the Court DENIES Plaintiff's motion to transfer to the District of Delaware.

Plaintiff argues that transfer to the Northern District of Texas would lead to piecemeal litigation. The Court agrees with Plaintiff's underlying concern—piecemeal litigation, particularly in FLSA collective actions, is best avoided if possible. *See Smith v. Dollar Tree Stores, Inc.*, No. 1:11-CV-02299, 2012 WL 12343344, at *5 (N.D. Ga. May 10, 2012) (in FLSA matter with many parties seeking a national collective action, interests of justice under § 1404(a) weigh strongly in favor of transfer to jurisdiction where defendant is headquartered due to judicial efficiency and risk of inconsistent rulings if action is splintered). However, because personal jurisdiction is lacking over some of the claims in this matter in the District of New Mexico, piecemeal litigation would occur if the Court declined to transfer the case; the North Dakota and Texas claims lacking jurisdiction would need to be dismissed. Transfer to the District of Delaware, where all the claims might be heard together, is not an option for the reasons described above. Therefore, nothing Plaintiff requests would prevent the same piecemeal litigation he claims a transfer to Texas would create.

Given the above constraints, transfer to the Northern District of Texas is the most expeditious option. When deciding on a motion to transfer, a court considers several discretionary factors, including, *inter alia*, "the plaintiff's choice of forum," "the accessibility of witnesses and other sources of proof," and "all other considerations of a practical nature that make a trial easy, expeditious and economical." *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). Because Plaintiff's choices of forum have jurisdictional issues that will lead to piecemeal litigation, and because the case involves nationwide conduct that does not center on a single location, the Court's focus is on the last factor: the practical considerations allowing for an "easy, expeditious and economical" trial. *Id.* Jurisdiction and venue are proper for both defendants in the Northern District of Texas, and a portion of the relevant conduct involves alleged nonpayment of wages in Texas. Whether the court in the Northern District of Texas will split the litigation is a question for that court in its considered judgment; given that piecemeal litigation would ensue in the District of New Mexico as well, that possibility does not weigh against transfer.

The Court is therefore satisfied that the Northern District of Texas is the more appropriate and just venue in which to litigate this case. Accordingly, the Court TRANSFERS the case to the Northern District of Texas. The Court refrains from ruling on substantive matters, such as whether Plaintiff states a claim under the NMMWA, to allow the proper court to make such decisions.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE